IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry Pate, #109613, | ) |
|                         Petitioner, | ) C/A No. 0:08-2311-TLW-PJG |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Jon Ozmint, Director, | ) |
|                         Respondent. | ) |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment (Docket Entry 23). The petitioner, Henry Pate ("Pate"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The respondent filed a motion for summary judgment. (Docket Entry 23.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 26.) Following an extension, Pate filed a response in opposition to the respondent's motion. (Docket Entry 34.) The motion is now before the court for a Report and Recommendation.

**BACKGROUND**

Pate was indicted in December 1997 in Spartanburg County for criminal sexual conduct with a minor in the second degree ("CSC 2d") (95-GS-42-2573) and criminal sexual conduct with a minor in the first degree ("CSC 1st") (95-GS-42-2574). (App. at 435-438, Docket Entry 24-6 at 27-30.) Pate was represented by Karl Smith, Esquire, and on June 1-2, 1998, was tried by a jury and found guilty as charged. (App. at 428, Docket Entry 24-6 at 20.) The circuit court sentenced Pate to thirty

years' imprisonment for CSC 1st and twenty years' imprisonment for CSC 2d, with the sentences to be served concurrently. (App. at 433, Docket Entry 24-6 at 25.)

Pate timely filed a direct appeal. On appeal, Pate was represented by Tara S. Taggart, Esquire, Assistant Appellate Defender of the South Carolina Office of Appellate Defense. On May 2, 2000, counsel for Pate filed an Anders[1] brief and a petition to be relieved as counsel. (App. at 455-65, Docket Entry 24-6 at 47-57.) In a *per curiam* opinion, the South Carolina Court of Appeals dismissed Pate's appeal. (State v. Pate, 2000-UP-668 (S.C. Ct. App. Nov. 1, 2000), App. at 466-67, Docket Entry 24-6 at 58-59.) The remittitur was issued on November 21, 2000. (App. at 468, Docket Entry 24-6 at 60.) Pate did not appeal to the South Carolina Supreme Court.

On September 10, 2001, Pate filed an application for post-conviction relief ("PCR") ("2001 PCR Action"). (See Pate v. State of South Carolina, 01-CP-42-2670, App. at 470-75, Docket Entry 24-6 at 62-67.) The State filed a return on March 24, 2003. (App. at 476-80, Docket Entry 24-6 at 68-72.) Pate filed an amended application on November 26, 2002. (App. at 481-85, Docket Entry 24-6 at 73-77.) On November 12, 2003, the PCR court held an evidentiary hearing at which Pate appeared and was represented by N. Douglas Brannon, Esquire. (App. at 486-520, Docket Entry 24-6 at 78 through Docket Entry 24-7 at 22.) By written order dated January 5, 2004, the PCR judge denied Pate's application. (App. at 521-27, Docket Entry 24-7 at 23-29.) Pate did not appeal.

Pate filed a second state PCR application on January 14, 2005 ("2005 PCR Action"). (See Pate v. State of South Carolina, 05-CP-42-112, App. at 529-34, Docket Entry 24-7 at 31-36.) The

---

[1] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

*PJG*

State filed a return on July 22, 2005. (App. at 536-39, Docket Entry 24-7 at 38-41.) On January 11, 2006, the PCR court held a hearing at which Pate appeared and was represented by Sean Giovannetti, Esquire. (App. at 540-44, Docket Entry 24-7 at 42-46.) By order filed June 23, 2006, the PCR judge granted Pate leave to file a belated petition to seek appellate review of his 2001 PCR Action pursuant to Austin v. State,[2] but summarily dismissed all other allegations as untimely and successive. (App. at 546-48, Docket Entry 24-7 at 48-50).

Following additional proceedings pursuant to Austin and Odom, the South Carolina Court of Appeals, having received the case via transfer from the South Carolina Supreme Court, allowed Pate to file a belated certiorari petition with regard to the 2001 PCR Action, but denied the petition. (Docket Entry 24-13.) The remittitur was issued on June 16, 2008. (Docket Entry 24-14.)

## FEDERAL HABEAS ISSUES

Pate filed his petition for a writ of habeas corpus in this court on June 20, 2008. (Docket Entry 1.) In his Petition, Pate raises the following issues:

> **Ground One:** Ineffective Assistance of Counsel
>   **Supporting Facts:** for failing to obtain a mental evaluation, request a Blair hearing, for failing to file an interlocutory appeal, for failing to object to hearsay testimony from the DSS caseworker, for allowing the solicitor to bring in prior bad act
>
> **Ground Two:** Ineffective assistance of prior PCR counsel for failing to seek appellate review of the denial of his first PCR Application
>   **Supporting Facts:** Order of Dismissal (but granting Austin/State belated appeal)

(Pet., Docket Entry 1.)

---

[2] Austin v. State, 409 S.E.2d 395 (S.C. 1991). "Under Austin, a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." Odom v. State, 523 S.E.2d 753 (S.C. 1999); see also King v. State, 417 S.E.2d 868 (S.C. 1992) (explaining the appellate procedure in an Austin matter).

## DISCUSSION

**A.      Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of

a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.  **Habeas Corpus Standard of Review Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

C.  **Statute of Limitations**

  1.  **Analysis**

The respondents argue that Pate's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Pate filed a direct appeal, his conviction became final on November 21, 2000, the date the South Carolina Court of Appeals

entered the remittitur.³  See Rules 203(b)(2), 221, & 226, SCACR.  Accordingly, the limitations period began to run on November 22, 2000 and expired on November 21, 2001, unless the period was at any time tolled for a properly filed state PCR application.  28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Pate filed a state PCR application on September 10, 2001.  At that point, 293 days of non-tolled time had accrued since the period of limitations began to run.  The period of limitations was tolled during the pendency of the 2001 PCR Action.  The PCR court issued an order denying Pate's petition on January 5, 2004, and, as no appeal was taken from this order, this decision became final on February 4, 2004—thirty days after the entry of the order—pursuant to Rule 203(b)(1), SCACR.  At this time, Pate had 72 days of statutory time remaining, which means that Pate had until April 16, 2004 to file a timely federal habeas corpus petition.

Pate filed a second PCR application on January 14, 2005.  At that point, 345 days of non-tolled time had accrued since the final decision of the 2001 PCR Action.  In his 2005 PCR Action,

---

³Because Pate did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court.  See Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (holding that direct review concludes at the expiration of time for seeking certiorari from the United States Supreme Court); 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort).

Pate was granted a belated appeal pursuant to Austin from his 2001 PCR application, thereby tolling the statute of limitations during the pendency of this appeal until no later than June 16, 2008, when the South Carolina Court of Appeals issued the remittitur from its order with regard to Pate's 2001 PCR Action.

Pate's federal Petition was filed on June 20, 2008. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). As of the filing date of the federal Petition, 4 days of non-tolled time had run from the final denial of the 2005 PCR Action. Adding the 293 days that accrued between the date his conviction became final and the filing of the 2001 PCR Action and the 345 days that accrued between the final decision in the 2001 PCR Action and the filing of the 2005 PCR Action results in a total of 642 days of non-tolled time. Thus, Pate's Petition was not timely filed.

### 2. Pate's Argument

In opposition to the respondent's motion for summary judgment, Pate appears to argue that his habeas petition should be considered on the merits because he is "actually innocent." However, neither the United States Supreme Court nor the United States Court of Appeals for the Fourth Circuit has held that a claim of actual innocence may excuse a petitioner's failure to file his habeas corpus petition within the one-year limitations period under § 2244. See Melson v. Allen, 548 F.3d 993, 1002 (11th Cir. 2008) (stating that the Supreme Court has never held that the Constitution requires an actual innocence exception to the on-year limitations period). Moreover, even if a showing of actual innocence were an exception to the statute of limitations, Pate's claim is without merit. To demonstrate "actual innocence," a petitioner must present "new reliable evidence that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 299, 327-28 (1995).

"A reviewing court must evaluate the new evidence alongside any other admissible evidence of the defendant's guilt, and may grant relief only where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Wilson v. Greene, 155 F.3d 396, 404-05 (4th Cir. 1998) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)) (internal citation omitted). Pate merely asserts that he is actually innocent and appears to reargue some of the evidence presented at trial. (Docket Entry 34 at 3-11.) The court has reviewed all of the evidence and concludes that Pate has not presented sufficient new, reliable evidence necessary to satisfy the standard for a claim of actual innocence.

**D.     Other Issues**

In his Petition, Pate essentially contends that he is entitled to a writ of habeas corpus because of ineffective assistance of trial counsel and ineffective assistance of PCR counsel. Even if Pate's Petition were timely filed, the court, having reviewed the submissions of the parties, finds that Pate has not presented any ground warranting federal habeas relief. This conclusion is based on the following authorities: Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."); Williams v. Taylor, 529 U.S. 362, 410 (2000) (stating that it is not enough that state court misapplied clearly established federal law erroneously or incorrectly, but it also must be unreasonable); Strickland v. Washington, 466 U.S. 668, 687 (1984) (enunciating a two-prong test to demonstrate ineffective assistance of counsel, which requires that a petitioner demonstrate that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result); Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997) (noting that there is "no right to effective assistance of counsel in . . . state habeas proceedings").

**RECOMMENDATION**

Pate's Petition was not timely filed and is therefore barred by § 2244(d). The court therefore recommends that the respondent's motion for summary judgment (Docket Entry 23) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 12, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).